IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

MICHAEL WALKER, individually,

    Plaintiff,

vs.                                                   Civil Action No. : 3:18-cv-01523
                                                      Hon. Robert C. Chambers, U.S. District Judge

M. H. LOVEJOY, in his individual capacity,
B.E. DONAHOE, in his individual capacity,
B.W. PAULEY, in his individual capacity,
PUTNAM COUNTY COMMISSION, a
political subdivision of the State of West
Virginia,

    Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO ADMIT
PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by counsel, John H. Bryan, in response to the Court's order dated February 6, 2020, Plaintiff provides the following response explaining why the February 6, 2020 "reply" was filed following the February 3, 2020 hearing on the cross-motions for summary judgment, and why good cause exists to admit the same.

The reason the reply was filed untimely was due to the discovery of new evidence - or rather an important clarification of existing evidence already of record and under consideration by the Court - pertaining to the timing of the encounter at the center of this case. The attorneys before this Honorable Court have a duty of candor, which necessitates correcting any misrepresentation of facts to the Court. Utilizing the form of a reply was made possible by the fact that a reply had not previously been thought necessary. If no reply had been available

1

procedurally, then there would have had to have been some other means of notification to the Court, regarding the misrepresentation which was recently discovered.

It has been represented to the Court that the incident in dispute occurred in the "morning" while school was "in session." As stated in the reply, only after the hearing, on February 5, 2020, was plaintiff's counsel provided with evidence that the encounter took place around 6:00 p.m., and thus not in the "morning," when school was "in session." This was a false material fact which had been presented to the Court. As plaintiff's counsel also mentioned in the reply, the plaintiff originally testified that he "had no idea" of the time of day, but chose morning, when asked to choose between morning and afternoon. In any event, the plaintiff's incorrect guess of the general time of day during his deposition could not have provided the foundation of Defendant Donahoe's testimony.

Plaintiff did not testify as to the school being in session at all. Instead, he testified that he never was near the school, and that it had nothing to do with the encounter:

Q. You were asked whether or not you were aware that there was a school a mile or so down the road where you were?

A. **Yes, sir.**

….

Q. Okay. Were you headed towards that school?

A. **I was probably going to be going about 100 yards closer to the school and going to be cutting through a subdivision that I use for a shortcut to get to his - my friend's house.**

Q. Okay. Did any of the officers during that incident ever ask you if you were going to the school?

A. **No, sir.**

Q. Did they ever mention the school at all?

>    **A.      No, sir.**
>
>    Q.      Did they ever give you any indication that they were concerned that you might be going to the school?
>
>    **A.      No, sir.**

(Walker Dep. 41:16-24, 42:1-10) The only insertion of an allegedly in-session school comes from the defendants, after-the-fact.

Moreover, to use a fact which is false, as a basis for the Court's consideration, would be an unjust result, and a fraud on the Court. Misrepresentations or false evidence discovered through the discovery of new evidence, or in this case, the discovery of the date and time of a video already in evidence and under consideration by the Court, is appropriate for disclosure to the Court, even following a final judgement. *See* Rules 59(e), Rule 60(b) F.R.C.P. However, since the Court here was still in the process of considering the cross-motions for summary judgment, there exists good cause to do so in the form of an untimely reply.

The screenshot, which plaintiff's counsel did not have prior to the February 3, 2020 hearing, shows the actual date and time the video footage began, and therefore that testimony regarding school being in session during the encounter was false. If it is discovered that false material information has been provided to the Court, the attorneys have a duty to correct the record - or at least to advise the Court of the same. Plaintiff's counsel also provided the original screenshot photo, as was received by him, via email, to defense counsel.  Since a reply had not been previously anticipated, nor filed, the plaintiff respectfully argues that there was good cause to do so in the form of an untimely "reply."

Plaintiff's counsel did not originally feel that it was necessary to file a reply in this matter. There exists binding Fourth Circuit precedent directly on point. An individual in an open carry state, such as West Virginia, cannot be subjected to an investigatory detention, without reasonable suspicion. The holding of <u>United States v. Black</u>, 707 F.3d 531 (4th Cir. 2013) expressly forbids police officers detaining someone open-carrying a firearm in order to obtain their ID and run their criminal history, and did so in very strong terms, which is exactly what is reflected in the evidence. The insertion of the school, or AR-15s in general, had nothing to do with the encounter, as indicated by the video, and as indicated by Defendant Donahoe's own testimony.

The other reason plaintiff counsel chose to include additional argument in the reply, was to respond to some of what was said at the hearing. It became apparent at the hearing that defendants are seeking to turn what should be a straightforward unlawful investigatory detention case into an attempt at overturning <u>United States v. Black</u>, 707 F.3d 531 (4th Cir. 2013), and/or an attempt creating new law in the Fourth Circuit finding that the AR-15 is in and of itself reasonable suspicion for Fourth Amendment searches and seizures. Plaintiff's counsel believes it was imperative to address other statements made at the hearing, which had not been previously anticipated, such as alleged legal or factual disparities between various types of firearms which may lawfully be openly carried in West Virginia. Doing so is just addressing the argument, and not inserting new evidence into the record.

Additionally, at the hearing, the Court suggested to defense counsel that they may want to file a reply to plaintiff's *motion in limine* following the hearing, which suggested to plaintiff's counsel that he was permitted to do the same. The filed reply could just as easily be titled a

reply to plaintiff's *motion in limine* regarding the insertion of the Parkland shooting and anti-AR-15 testimony, since the argument beyond the new screenshot, mostly addresses the same issues.

  Therefore, the plaintiff respectfully requests that this Honorable Court admit the plaintiff's reply, and that there exists good cause to do so. The filing's entire purpose was to provide evidence to the Court that prior representations of fact to the Court were false, and to clarify the date and time of evidence already of record and before the court (the video). The screenshot was received by plaintiff's counsel on the afternoon of February 5, 2020, and was provided to the Court thereafter as quickly as was possible, as well as opposing counsel. As such, there exists good cause to allow an untimely filing to provide notification of the same. Secondly, the remainder of the filing also corresponds to addressing the revelation that the encounter took place in the evening, rather than the morning, and also to address the Court's specific concerns which were only apprised by counsel at the hearing. Most of this discussion arose out of the *motions in limine*, and as such could not have been anticipated at a prior date. Therefore, the plaintiff respectfully argues that good cause exists to admit the untimely reply; or in the alternative, to admit Exhibit A of the Reply - the screenshot for the Court's consideration to accompany the video already in evidence; in the alternative, plaintiff seeks leave to file the Reply at oral argument, and/or for such other and further relief as the Court deems just and fit.

              MICHAEL WALKER
              By Counsel

/s/ John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEYS AT LAW
611 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

for the Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

MICHAEL WALKER, individually,

    Plaintiff,

vs.    Civil Action No. : 3:18-cv-01523
    Hon. Robert C. Chambers, U.S. District Judge

M. H. LOVEJOY, in his individual capacity,
B.E. DONAHOE, in his individual capacity,
B.W. PAULEY, in his individual capacity,
PUTNAM COUNTY COMMISSION, a
political subdivision of the State of West
Virginia,

    Defendants.

## **CERTIFICATE OF SERVICE**

    I, John H. Bryan, do hereby certify that I have delivered a true copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO ADMIT PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT upon counsel of record by using the CM/ECF System, this the 6th day of February, 2020, and addressed as follows:

John P. Fuller, Esq.
Charles R. Bailey, Esq.
Adam K. Strider, Esq.
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, WV 25337-3710

                                            /s John H. Bryan