IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**MICHAEL WALKER, individually,**

   **Plaintiff,**

v.                                                         **Civil Action No. 3:18-cv-01523**
                                                              **Honorable Robert C. Chambers**

**M.H. LOVEJOY, in his individual capacity;**
**B.E. DONAHOE, in his individual capacity;**
**B.W. PAULEY, in his individual capacity;**
**PUTMAN COUNTY COMMISSION, a political subdivision of the State of West Virginia,**

   **Defendants.**

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO ADMIT PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION <u>FOR SUMMARY JUDGMENT</u>

      **COME NOW** the Defendants, Brian E. Donohoe and Brandon W. Pauley, by counsel Charles R. Bailey, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby respond to the Plaintiff's Motion for Leave to file a late Reply Memorandum in support of his previously-filed Motion for Summary Judgment as follows.

      The Plaintiff's Motion for Leave, ECF Doc. No. 57, fails to show good cause for failing to timely file his Reply in accord with the Court's Scheduling Order and local rules. First, the Plaintiff's representation that this is newly-discovered evidence is untrue. The screen shot, though it is unverified and uninvestigated, purports to be from the Plaintiff's own Facebook social media account, and was therefore in his custody and control for the entirety of the discovery period of this case, but was never disclosed. Second, even if this screen shot is what it purports to be, it is not a

1

material fact of consequence in the case, because the concerns officers may reasonably have regarding an armed person approaching a school do not depend on whether classroom instruction is occurring at the time. Finally, the majority of the content of the Plaintiff's proposed Reply have nothing to do with this purported screen shot, and are simply a late Reply with no justification whatsoever.

### A. The Plaintiff has failed to show good cause for his failure to timely disclose his unverified Facebook screen shot exhibit.

The Plaintiff proposes that the justification for his failure to timely disclose this screen shot or file a Reply based thereon is that it was not provided to his counsel until February 5, 2020, after oral arguments had already occurred. What is left unsaid in this contention is who Plaintiff's counsel received it from: ***the Plaintiff himself***. See ECF Doc. No. 57-2. The screen shot purports to be derived from ***the Plaintiff's own social media account***, and therefore was in his custody and control for the entirety of the discovery period, yet it was not timely disclosed despite being responsive to multiple Requests for Production of Documents. See Exhibit A at Requests for Production of Documents Nos. 11, 12. There is no contention in the Motion for Leave regarding any good cause for why this document was not turned over in discovery.

What's more, the screen shot is improper for consideration by this Court at a summary judgment stage, because it is entirely unauthenticated. As the Fourth Circuit stated regarding this rule which is established beyond dispute:

> It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990); *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985). To be admissible at the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."

*Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). The screen shot is unsworn, unauthenticated, and

accompanied by no such affidavit. In fact, it contradicts the Plaintiff's sworn testimony. What's more, the fact that it was not disclosed in discovery deprived the Defendants of the opportunity to investigate its veracity.

Nor, as the Plaintiff contends in his Motion for Leave, could he appeal to Rules 59 or 60 for relief had the Plaintiff provided this screen shot to his attorney after judgment, because this alleged screen shot does not meet the definition of newly discovered evidence as contemplated by those rules. Evidence is "newly discovered" where "the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence." *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954). Before new trial may be granted on ground of newly discovered evidence, "there must be showing of facts from which court may infer reasonable diligence on part of moving party." *Morgan v. Labiak*, 368 F.2d 338, 341 (10th Cir. 1966). It must be demonstrated that "the party was excusably ignorant of the new evidence despite due diligence." *Henley v. FMC Corp.*, 189 F.R.D. 340, 349 (S.D.W.Va. 1999).

The Plaintiff's Motion for Leave does not even make an attempt at explaining why this purported evidence was not discovered or produced during the discovery period of this case despite purporting to be something in the Plaintiff's custody and control, and has alleged no facts regarding any exercise of diligence. Thus, this is not newly discovered evidence and cannot be grounds for good cause to file a late Reply.[1]

Therefore, this screen shot cannot be considered "newly discovered evidence," as it cannot be said to be newly discovered, nor is it evidence in terms of what is proper for consideration at the

---

[1] Just prior to the filing of this Response, the Plaintiff produced a copy of the CAD sheet of the 9-1-1 call at issue, which he obtained via a FOIA request. The CAD sheet shows that the call was received at 5:49 pm. However, the CAD sheet was also not timely obtained or produced, despite being available to the Plaintiff via a FOIA request during the discovery period of this case in the same manner as it was at this late date. Accordingly, the same timeliness and due diligence concerns apply to this CAD sheet as to the screen shot.

summary judgment stage. The Court should accordingly find that the Plaintiff has failed to show good cause, and deny his Motion for Leave.

**B. Even if the screen shot is what it purports to be and stands for what it purports to stand for, the time of day of the stop is not a material fact of consequence.**

The Plaintiff's Motion for Leave also fails to show good cause to file a late Reply based on the purported screen shot, because, even if it is what it purports to be, and indeed stands for the proposition that the stop occurred at 5:58 pm instead of in the morning, it does little if anything to affect the reasonable suspicion analysis which is central to this case.

The officers testified that they were concerned because the Plaintiff appeared to be approaching a school with an AR-15 style rifle. Their testimony does not in any way reference the time of day. They stated that their concerns were rooted in his proximity and heading in relation to the school, and the temporal proximity of the Parkland shooting; never did they on the record root their concerns in the time of day. Nor has the Plaintiff ever taken the position that the time of day was significant, or in any way relied on the time of day in making an argument. His position is that the investigatory stop of a person openly carrying a firearm is improper, full stop, absent the commission of an observed crime.

The only fact on the record concerning the time of day is the Plaintiff's own deposition testimony. Any arguments made concerning the fact of school being in session at the time were made based upon the record of the case, which is the Plaintiff's own sworn testimony that the stop occurred in the morning. Exhibit B, *Depo. of Michael Walker* at pg. 27, Lines 6-12. However, even if that testimony were reversed, and we assume for purposes of this argument that the stop actually occurred at 5:58 pm, reasonable suspicion still existed.

Schools are not merely places of academic instruction from 7:00 am to 3:00 pm. They are

centers of the community and hubs for children's after-school extracurricular and social activities. Of particular note, February 21, the date on which the stop occurred, is during high school basketball season. Being an all-ages school, Teays Valley Christian School has five (5) different basketball programs, and two (2) different cheerleading programs.2 Late February is also during the typical period of time for pre-season baseball practice. What's more, Teays Valley Christian School operates an on-site child development center which is open until 6:00 pm for the convenience of working parents.3 The exact same reasonable, objective concerns which exist when someone is observed approaching the school with an AR-15 style rifle in the morning would also be present in the early evening. In fact, the reasonable concerns would be objectively greater, as children will likely still be present, but the adult supervision of full-time school faculty and staff is greatly reduced. Accordingly, the purported screen shot does not concern a fact of material consequence, and does not constitute good cause for permitting a late filing, even if it were truly newly discovered and authenticated.

### C. The Plaintiff has failed to show good cause for his late filing of the remainder of his proposed Reply.

The majority of the Plaintiff's proposed Reply, however, does not concern the screen shot at all, and is merely a rebuttal to arguments raised in the Defendants' briefing of the Cross Motions for Summary Judgment before this Court. In that sense, the bulk of the text in the proposed filing is merely an unremarkable late Reply, presented without reasonable excuse. The Plaintiff concedes that he made a strategic decision not to file a Reply in the allotted time frame, and claims he should be permitted to do so now to address Defendants' oral arguments. See ECF Doc. No. 57 at pg. 4. However, the Defendants did not raise any arguments at oral argument which were not raised in their

---

2 https://www.teaysvalleychristian.org/athletics/schedules/
3 https://tvcdc.org/hours

briefs.

The closest the Plaintiff comes to articulating what alleged new arguments were raised by the Defendants, is the following assertion:

> Plaintiff's counsel believes it was imperative to address other statements made at the hearing, which had not been previously anticipated, such as alleged legal or factual disparities between various types of firearms which may lawfully be openly carried in West Virginia. Doing so is just addressing the argument, and not inserting new evidence into the record.

ECF Doc. No. 57 at pg. 4. However, the salience of the Plaintiff's carrying of an AR-15 style rifle was raised by the Defendants in their briefs, and they have never asserted, either in briefs or at oral argument, that carrying an AR-15 is facially unlawful. See, e.g., ECF Doc. No. 38 at pg. 9 ("Mr. Walker was not carrying a firearm in an abstract vacuum; he was carrying an AR-15 style rifle while walking toward a school, less than a week after a notorious large-scale school shooting involving that same style of firearm."). The Court advised that it did not perceive any material facts to be in dispute, and that summary judgment for one party or another was appropriate. Both parties agreed. The Court then expressly asked counsel at the conclusion of the hearing if they had any other matter to place before the Court. Both parties stated that they did not. Those were the Plaintiff's opportunities to raise his additional concerns, and he chose not to take it until after the Motion had already been taken under advisement for final consideration.

The question of issue of the Plaintiff's carrying of an AR-15 style rifle and its role in repeated mass shootings, and whether this can properly factor into a reasonable suspicion analysis, was addressed at length in briefs and at the hearing. Certainly, every attorney has at one time or another been afflicted with a case of *l'esprit d'escalier* after the conclusion of a hearing, and wanted another opportunity to say what they wish they had at the time. To conclude that this constitutes good cause to file untimely briefs would entirely upend the regular order of motion practice. The Plaintiff's

6

Motion for Leave should also be denied in this respect.

**WHEREFORE**, for the reasons stated herein, the Defendants respectfully pray this Honorable Court **DENY** Plaintiff's Motion for Leave to Admit Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment, and grant such other relief as the Court deems just and proper.

**BRIAN E. DONOHOE and BRANDON W. PAULEY,**

**By Counsel,**

 **/s/ Adam K. Strider**
**Charles R. Bailey (WV Bar #0202)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**cbailey@baileywyant.com**
**astrider@baileywyant.com**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**MICHAEL WALKER, individually,**

   Plaintiff,

v.                                                       **Civil Action No. 3:18-cv-01523**
                                                         **Honorable Robert C. Chambers**

**M.H. LOVEJOY, in his individual capacity;**
**B.E. DONAHOE, in his individual capacity;**
**B.W. PAULEY, in his individual capacity;**
**PUTMAN COUNTY COMMISSION, a political subdivision of the State of West Virginia,**

   Defendants.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO ADMIT PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this 11th day of February, 2020:

                          John H. Bryan, Esq.
                      Law Office of John H. Bryan
                            611 Main Street
                             PO Box 366
                            Union, WV  24983
                Email Address: jhb@johnbryanlaw.com
                  Attorney For: Michael Walker

                                                       **/s/ Adam K. Strider**
                                               **Charles R. Bailey (WV Bar #0202)**
                                               **Adam K. Strider (WV Bar #12483)**
                                             **BAILEY & WYANT, PLLC**
                                             **500 Virginia Street, East, Suite 600**
                                             **Post Office Box 3710**
                                             **Charleston, West Virginia 25337-3710**