## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

MICHAEL WALKER, individually,

        Plaintiff,

vs.                            Civil Action No. : 3:18-cv-01523
                                    Hon. Robert C. Chambers, U.S. District Judge

M. H. LOVEJOY, in his individual capacity,
B.E. DONAHOE, in his individual capacity,
B.W. PAULEY, in his individual capacity,
PUTNAM COUNTY COMMISSION, a
political subdivision of the State of West
Virginia,

        Defendants.

### MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT EXHIBITS WITH
### THE INCLUSION OF THE PUTNAM 911 "CAD SHEET"

Plaintiff, by counsel, John H. Bryan, hereby moves the Court for leave to supplement his

motion for summary judgment by the inclusion of the recently-received Putnam 911 Center

"CAD" sheet, which shows the exact time and date of the encounter at dispute herein. In support

hereof, the plaintiff states as follows:

On February 4, the same day plaintiff's counsel received a screenshot of the video with

the timestamp, plaintiff's counsel emailed a FOIA request on the Putnam County 911 center,

requesting information from the exact time, date and location. On February 7, 2020, plaintiff

received an email from Putnam 911, in response to our FOIA, with a CAD sheet document

proving conclusively the date, time, and 911 call information regarding the encounter in dispute.

The exact document, minus any redactions, was provided to opposing counsel by email. A copy

redacted pursuant to Court Rules is attached hereto as an exhibit. This document renders the screenshot moot, as it is a self-authenticating public record under the F.R.E. Rule 902, and conclusively establishes the date and time of the encounter.

Plaintiff had previously served a FOIA request on Putnam County Sheriff's Department requesting any records, documents, or information on the encounter with Michael Walker on February 21, 2018, which was sent on August 22, 2018. However, no documentation was received at that time pertaining to either the 911 call, the CAD sheet, or any sort of indication of the timing of the incident. Any records on file at the Putnam County Magistrate Court were obtained, which likewise gave no indication as to the time of the counter.

It's unusual that the existence of a CAD sheet record between the officers and dispatch would not have been provided to the plaintiff by the defendants. No 911 CAD sheet, or other timing information, nor any report whatsoever, was ever received from Putnam County pursuant to Rule 26 disclosures, or otherwise, during this litigation. This presumes that one did not exist, or was unrecoverable. The Putnam County Commission was a defendant herein and had a duty under Rule 26 to provide information regarding the incident.  They had the information the entire time, and never provided it, while at the same time representing an incorrect time of the incident. Whether this was done consciously, or merely mistakenly, it hardly prejudices the defendants to correct false representations of the facts submitted to the Court - especially where they were in custody of the document.

Moreover, the 911 CAD sheet also corrects another false representation made by Defendant Donahoe. Much of the defendant's claim of reasonable suspicion has pertained to the

characterization of the firearm as an "AR-15," or an "assault rifle." Donahoe testified that the 911 call pertained to a man with an assault rifle:

Q.     Do you remember what the substance of the dispatch call was?

**A.     Basically, there was a guy walking down the road with an assault rifle.**

(Donahoe Dep. 6:18-21).  However, the CAD sheet, from Putnam County, says nothing about an "assault rifle." Nor does it mention a school.  The "original dispatch remarks," as per the CAD sheet are, "MAN W/ A BACK PACK AND A RIFLE WALKING TOWARDS SHEETZ." It also characterizes the call as a "MAN WITH A GUN CALL." It notes that the call came in on 02/21/2018 at 17:49:59, which is exactly 5:50 p.m.  It then notes that the defendants arrived at the scene at 17:58:21, which is 5:58, consistent with the video screenshot showing the video being turned on at 5:56 p.m.

In their response, the defendants blame the plaintiff for his testimony regarding the timing of the incident, where he admittedly didn't have "any idea," but guessed "morning," rather than afternoon. But if the Court examines their response to plaintiff's motion for summary judgment, they also cited the testimony of deputies Donahoe and Pauley:

> The Plaintiff's filings neglect to mention that at the time of the stop, Mr. Walker was less than a mile from Teays Valley Christian School, and was walking in the direction of the school. Exhibit 1, *Depo. of Brian Donohoe*, Pg. 22, Lines 1-16; Exhibit 2, *Depo. of Brandon Pauley*, Pg. 16, Lines 12-20; Exhibit 3, *Depo. of Michael Walker*, Pg. 31, Lines 7-10. **This occurred on a Wednesday morning, when school was in session**. The officers also testified that their concern regarding Mr. Walker's conduct was heightened because the interaction occurred seven (7) days after the nationally-covered school shooting in Parkland, Florida, putting them on a heightened alert for copycat crimes. *Depo. of Brandon Pauley*, Pg. 16, Line 11 – Pg. 17, Line 7; *Depo. of Brain Donohoe*, Pg. 22, Line 1 – Pg. 23, Line 5.

(Def.'s Resp. M.S.J. at 6-7). The cited testimony of Deputy Donahoe pertains to his claim that the 911 call referenced an "assault rifle," and he goes on to state his concern because he knew that a school was in the area (Donahoe Dep. 22:5-21). Whether or not there were basketball games at the school during that time, or not, is besides the point, and is irrelevant to the objectively-apparent facts. Defendants specifically argued that since it was "morning," and "school was in session," that Donahoe had some justifiable basis for reasonable suspicion. Those facts turn out to be false.

Lastly, the CAD sheet also shows another falsity in Defendant Donahoe's testimony. He testified that he was concerned that plaintiff might be a school shooter. However, the CAD sheet shows that his report back to dispatch, following the encounter, does not corroborate that testimony. Instead, it corroborates the video. He reports that dispatch will probably receive more calls regarding a subject carrying a gun, even referencing him again as a so-called sovereign citizen: "PROB RECEIVE MORE CALLS ON SUB SOVEREIGN SUB, CARRYING GUN-10-4." That was time stamped at 18:06:25, so 6:06 p.m. Nothing was reported about the school a mile away. Only anticipated additional calls of people afraid of seeing a man with a gun.

There was yet another revelation in the CAD sheet calling into question Deputy Donahoe's testimony. In the video, Donahoe called Michael Walker a "sovereign citizen" and on page 3 of the CAD sheet, he labels him as such to the 911 dispatcher (i.e., "SUB SOVEREIGN SUB"). During his deposition however, he denied knowing anything about Michael being a sovereign citizen, nor telling anyone the same:

> Q.      You con't know who issued that report [the 2/23/18 BOLO characterizing plaintiff as a sovereign citizen] or who prepared that report?

**A.      I have no idea.**

Q.      And you don't know how they came to get the information that Mr. Walker allegedly has sovereign citizen behavior?

**A.      I have no idea.**

Q.      That didn't come from you?

**A.      No, sir.**

Q.      Did you tell anyone that Michael Walker was a sovereign citizen?

**A.      No, sir.**

(Donahoe Dep. 19:10-21).

WHEREFORE, the plaintiff respectfully requests leave of the Court to supplement the exhibits included in his motion for summary judgment to include the attached 911 Center "CAD" sheet, and for such other and further relief as this Court deems just and fit.


MICHAEL WALKER
By Counsel



/s/ John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEYS AT LAW
611 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

MICHAEL WALKER, individually,

       Plaintiff,

vs.                               Civil Action No. : 3:18-cv-01523
                                     Hon. Robert C. Chambers, U.S. District Judge

M. H. LOVEJOY, in his individual capacity,
B.E. DONAHOE, in his individual capacity,
B.W. PAULEY, in his individual capacity,
PUTNAM COUNTY COMMISSION, a
political subdivision of the State of West
Virginia,

       Defendants.

## <u>CERTIFICATE OF SERVICE</u>

     I, John H. Bryan, do hereby certify that I have delivered a true copy of the foregoing

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S MOTION FOR

SUMMARY JUDGMENT EXHIBITS WITH THE INCLUSION OF THE PUTNAM 911 "CAD

SHEET" upon counsel of record by using the CM/ECF System, this the 12th day of February,

2020, and addressed as follows:

John P. Fuller, Esq.
Charles R. Bailey, Esq.
Adam K. Strider, Esq.
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, WV 25337-3710

                                 _____/s John H. Bryan_____