IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**MICHAEL WALKER, individually,**

  Plaintiff,

v.                                               **Civil Action No. 3:18-cv-01523**
                                                        **Honorable Robert C. Chambers**

**M.H. LOVEJOY, in his individual capacity;**
**B.E. DONAHOE, in his individual capacity;**
**B.W. PAULEY, in his individual capacity;**
**PUTMAN COUNTY COMMISSION, a political subdivision of the State of West Virginia,**

  Defendants.

### DEFENDANTS' MOTION TO STRIKE REPLY MEMORANDUM FILED WITHOUT THE LEAVE OF THE COURT

**COME NOW** the Defendants, Brian E. Donohoe and Brandon W. Pauley, by counsel Charles R. Bailey, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby move to strike Plaintiff's Reply Memorandum, ECF Doc. No. 59, which was filed without the leave of the Court.

Due to the Plaintiff's continued disregard for the Court's briefing schedules, the Defendants must once again file a Motion to Strike. The Court's Order which permitted the briefing of the Plaintiff's Motion for Leave, ECF Doc. No. 57, stated as follows:

> By the end of Friday, February 7, 2020, Plaintiff must file a motion seeking leave explaining why he did not file the Reply in a timely manner or raise a request to file the Reply at oral argument. Plaintiff may attach the Reply as an exhibit to the motion seeking leave. Defendants may file a response to the motion seeking leave by Tuesday, February 11, 2020.

1

*See* "Order," ECF Doc. No. 56. The Plaintiff filed his Motion for Leave on Thursday, February 6, 2020. See ECF Doc. No. 57. The Defendants filed their Response on Tuesday, February 11, 2020. See ECF Doc. No. 58. The Order does not contemplate the filing of a Reply. Therefore, the Plaintiff's Reply was filed without leave, and should be stricken.

The undersigned would like to assure the Court that they were never in possession of the CAD sheet, which was a public document equally available to both parties, and did not withhold it from the Plaintiff. The Defendants never sought to obtain this document, which was a public document in the possession of Putnam County Emergency Services, a distinct corporation from the Putnam County Commission, because the facts it was likely to contain did not appear germane. All facts giving rise to reasonable suspicion were readily observable to the officers when driving past the Plaintiff, and the time of the stop was uncontested on the record.1 The officers did not have any independent recollection of the time of day, and did not testify to the time of day on the record, nor were they asked. While defense counsel cited to the Plaintiff's at-the-time undisputed deposition testimony as to the time of the day in the briefs, as they had no reason to disbelieve or dispute it, it was by no means central to either party's stated position, as discussed in the Defendants' Response, ECF Doc. No. 55.

The final decision in the case is now before the Court, and the Plaintiff is simply 'flooding the zone' with issues that could have and should have been addressed during the pendency of discovery. The Plaintiff was at all times in possession of a document, the Facebook post, which purports to show the true time of day of the stop, and a public document showing the same information was accessible to him. Had he believed the time of day was germane to a contested

---

1 If anything, the CAD sheet is favorable to the Defendants' position, as it provides concrete evidence of a call by a concerned citizen living in the area regarding a man with a firearm headed westbound on Teays Valley Road toward the Sheetz. The Sheetz is directly across the road from Teays Valley Christian School.

issue in the case, or that his own sworn testimony was untrue, he had the means to raise or pursue the issue, but declined to do so until the absolute last minute with a dispositive motion pending before the Court following oral argument.

**WHEREFORE**, for the reasons stated herein, the Defendants respectfully pray this Honorable Court GRANT their Motion to Strike Reply Memorandum Filed Without Leave, that ECF Doc. No. 59 be stricken from the record of the case, and that the Court grant them such other relief as it deems just and proper.

**BRIAN E. DONOHOE and BRANDON W. PAULEY,**

**By Counsel,**

 /s/ Adam K. Strider
**Charles R. Bailey (WV Bar #0202)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**cbailey@baileywyant.com**
**astrider@baileywyant.com**

3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**MICHAEL WALKER, individually,**

   Plaintiff,

v.                                                                   **Civil Action No. 3:18-cv-01523**
                                                                     **Honorable Robert C. Chambers**

**M.H. LOVEJOY, in his individual capacity;**
**B.E. DONAHOE, in his individual capacity;**
**B.W. PAULEY, in his individual capacity;**
**PUTMAN COUNTY COMMISSION, a political subdivision of the State of West Virginia,**

   Defendants.

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true and correct copy of foregoing **"DEFENDANTS' MOTION TO STRIKE REPLY MEMORANDUM FILED WITHOUT THE LEAVE OF THE COURT"** was served upon the following party through the Court's CM/ECF System on February 12, 2020:

John H. Bryan
Law Office of John H. Bryan
611 Main Street
PO Box 366
Union, WV  24983
Email Address: jhb@johnbryanlaw.com
Attorney For: Michael Walker

   **/s/ Adam K. Strider**
   **Charles R. Bailey (WV Bar #0202)**
   **Adam K. Strider (WV Bar #12483)**
   **BAILEY & WYANT, PLLC**
   **500 Virginia Street, East, Suite 600**
   **Post Office Box 3710**
   **Charleston, West Virginia 25337-3710**