IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL WALKER, individually,

        Plaintiff,

v.                                        CIVIL ACTION NO.   3:18-1523

B. E. DONAHOE, in his individual capacity,
B. W. PAULEY, in his individual capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

In this Fourth Amendment challenge to a roadside detention, the parties cross moved for summary judgment and argued their motions before the Court on February 3, 2020. In an effort to bolster his case, Plaintiff Michael Walker has tried to introduce new argument and evidence for the Court to consider in deciding summary judgment. The Court now decides three pending motions related to Walker's new argument and evidence.

**A. Plaintiff's Motion for Leave to Admit Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment (ECF No. 57)**

Walker filed his Motion for Summary Judgment on December 13, 2019, and the defendants filed their Response on December 27, 2019. ECF Nos. 33, 38. Walker did not file a timely reply. The Court heard oral argument on Walker's Motion on February 3, 2020. Two days later, Walker filed an untimely Reply, which the Court struck for failure to seek leave of Court. ECF Nos. 54, 56. Walker then filed the pending Motion for Leave to file his Reply. ECF No. 57.

Federal Rule of Civil Procedure 6(b)(1) allows the Court "for good cause" to admit a late filing "if the party failed to act because of excusable neglect." Walker argues good cause exists

because of newly discovered evidence. ECF No. 57, at 1–4. He wishes to introduce as an exhibit to his Reply a Facebook Live screenshot showing the encounter between Walker and the defendants occurred near 6:00 p.m., not in the morning as indicated by the current record. ECF No. 57-2. The evidence is consequential to the defendants' argument that Walker's proximity to the school while open carrying a firearm contributed to reasonable suspicion for the stop. The defendants argue the Court should not admit Walker's Reply because the evidence was under Walker's control during discovery, yet Walker failed to produce it. ECF No. 58, at 2–4.

The Court agrees that Walker improperly failed to disclose the evidence during discovery. Because the Facebook Live screenshot is purportedly derived from Walker's personal Facebook account, it was within his "possession, custody, or control," and the screenshot was responsive to the defendants' discovery requests. Fed. R. Civ. P. 34(a)(1); ECF No. 58-1, at 11–12. Walker therefore is "not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether to exclude the evidence, the Court should consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co*., 318 F.3d 592, 597 (4th Cir. 2003) (citation omitted).

After considering these factors, the Court finds that excluding the evidence is appropriate. The new evidence is surprising to the defendants because the only evidence in the record indicating what time the stop occurred is Walker's own testimony that it occurred in the morning. ECF No. 33-3, at 27:06–09. Introducing the new evidence at this late stage is prejudicial to the defendants

whose primary argument for reasonable suspicion relied on Walker's testimony that the stop occurred in the morning. Curing this surprise and prejudice would require the Court to grant the defendants additional time to investigate the evidence's veracity and revise their arguments, which will cause further delay and expense for the defendants. These factors might be overcome by a sufficient reason for the evidence's late production, but Walker provided no good reason for his failure to disclose this evidence during discovery, in a timely reply, or at oral argument. Walker only produced this evidence after the Court identified the weakness of his case at oral argument. He cannot now ambush the Court and the defendants with previously undisclosed evidence at the last minute to buttress his position.

Because the Court will not admit Walker's untimely evidence, Walker has failed to show good cause. The Court therefore **DENIES** his Motion for Leave to admit his Reply, ECF No. 57.

### B. Defendants' Motion to Strike Reply Memorandum Filed Without Leave of the Court (ECF No. 61)

In a Reply, ECF No. 59, to his Motion for Leave to admit his Reply, ECF No. 57, Walker again tried to introduce new evidence. Attached as an exhibit to the Reply is a Computer Aided Dispatch (CAD) sheet from the Putnam County 911 center indicating that the defendants stopped Walker near 6:00 p.m. ECF No. 59-1. The defendants argue the Court should strike the Reply, including the CAD sheet, because Walker filed it without leave of Court and Walker had access to the CAD sheet, a public document, at all times. ECF No. 61, at 1–3.

As the defendants argue, striking Walker's Reply is appropriate because the Court's Order for briefing, ECF No. 57, did not permit the filing of a reply and Walker did not seek leave of Court. The more fundamental issue, however, is whether excusable neglect exists to warrant admission of the CAD sheet under Rule 6(b)(1). For similar reasons as the Facebook Live screenshot, the Court will not admit the CAD sheet as new evidence. The CAD sheet was available

to Walker at all times. Yet, Walker only filed a Freedom of Information Act request to the Putnam County 911 center on February 4, 2020, long after the discovery period ended and the parties moved for summary judgment. Walker's FOIA request came the day after oral argument where the Court pointed out the weaknesses of his position. To allow Walker now in the face of a summary judgment motion to introduce new evidence to make up for his prior neglect would be too unfair and prejudicial at this late stage of the litigation.

The Court therefore **GRANTS** the Defendants' Motion to Strike the Reply, ECF No. 61.

**C. Plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Summary Judgment Exhibits with the Inclusion of the Putnam 911 "CAD Sheet" (ECF No. 60)**

On the same day he filed the Reply at issue in Section B, Walker filed a Motion for Leave, ECF No. 60, to include the CAD sheet as an exhibit to his Motion for Summary Judgment. The issue here also turns on whether excusable neglect exists to warrant admission of the CAD sheet. Therefore, for the same reasons discussed in Section B, the Court **DENIES** Walker's Motion for Leave, ECF No. 60.

**D. Conclusion**

In sum, the Court **DENIES** Walker's Motion for Leave to admit his Reply, ECF No. 57; **GRANTS** the Defendants' Motion to Strike the Reply, ECF No. 61; and **DENIES** Walker's Motion for Leave, ECF No. 60. The Court intends to issue its ruling on summary judgment soon and therefore **DIRECTS** the parties to refrain from further filings pending the Court's ruling.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   February 19, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE